IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

LES INDUSTRIES WIPECO, INC.,      )
                                  )
            Plaintiff,            )
                                  )
v.                                )        Case No. 21-2289-JAR
                                  )
BLUESTEM MANAGEMENT              )
ADVISORS, LLC,                    )
                                  )
            Defendant.            )

## ORDER TO SHOW CAUSE

Plaintiff filed this breach-of-contract action against defendant Bluestem Management Advisors, LLC.[1]  The amended complaint alleges this court has subject matter jurisdiction under 28 U.S.C. § 1332(a)(1) because the parties are completely diverse.[2] However, it fails to allege facts sufficient to allow the court to confirm whether diversity of citizenship exists.

To establish diversity jurisdiction, the citizenship of a business entity is determined by its organizational structure.  For example, if the business is a corporation, its citizenship is both the state where it is incorporated and the state where its principal place of business is located.[3]  And if the business is an unincorporated association (e.g., a limited liability

---

[1] ECF No. 3.

[2] *Id.*

[3] 28 U.S.C. § 1332(c)(1); *Newsome v. Gallacher*, 722 F.3d 1257, 1267 (10th Cir. 2013).

company), its citizenship is determined by the citizenship of each one of its members.[4]  The court has an independent obligation to satisfy itself that subject matter jurisdiction is proper.[5]  It "must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking."[6]

Here, the amended complaint asserts that defendant is a (delinquent) Kansas limited liability company with its principal place of business in Kansas.  But it does not identify the citizenship of each individual member of the LLC.[7]  Thus, the allegations are not sufficient for the court to ensure that diversity jurisdiction exists.

IT IS THEREFORE ORDERED that by **October 12, 2021,** plaintiff shall file a status report, with affidavits attached, demonstrating the citizenship of each of the individual members of the defendant limited liability company and showing cause why this case should not be dismissed for lack of jurisdiction.

Dated September 28, 2021, at Kansas City, Kansas.

 s/ James P. O'Hara
James P. O'Hara
U.S. Magistrate Judge

---

[4] *Americold Realty Trust v. Conagra Foods, Inc.*, 136 S. Ct. 1012, 1014-15 (2016); *Siloam Springs Hotel, LLC v. Century Sur. Co.*, 781 F.3d 1233, 1234 (10th Cir. 2015); *Meyerson v. Showboat Marina Casino P'ship*, 312 F.3d 318, 320 (7th Cir. 2002).

[5] *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011).

[6] *Penteco Corp. Ltd. P'ship v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action.").

[7] ECF No. 3.