UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| LES INDUSTRIES WIPECO, INC. | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 21-2289-JAR |
| | ) |
| BLUESTEM MANAGEMENT ADVISORS, LLC, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

This action arises from a contract for the sale of medical gloves to plaintiff Les Industries Wipeco, Inc. ("Wipeco") in the midst of the COVID-19 pandemic. Wipeco has paid more than $681,000 for the gloves,[1] but it has not received the gloves or a payment refund.[2] In its complaint and first amended complaint, Wipeco asserted claims against Bluestem Management Advisors, LLC ("Bluestem Management") for breach of contract, fraud, negligent misrepresentation, and unjust enrichment.[3] Wipeco now seeks leave to file an amended complaint that adds two defendants—Bluestem Health Care, LLC ("Bluestem Health") and Thomas Johnson d/b/a/ Bluestem Investments—and facts related

---

[1] *See* ECF No. 3 at ¶¶ 9, 18, 20; and ECF No. 10 at ¶¶ 9, 18, 20.

[2] *See* ECF No. 3 at ¶¶ 51, 52; and ECF No. 10 at ¶¶ 51, 52.

[3] ECF Nos. 1 & 3 (the amended complaint was filed three days after the original complaint and corrected only plaintiff's name).

1

to diversity jurisdiction, alleged communications between Wipeco and Bluestem Management, and alleged representations by one or more of the Bluestem entities regarding a refund (ECF No. 18).   Bluestem Management argues leave to amend should be denied because the proposed amendments are untimely, prejudicial, and futile under Fed. R. Civ. P. 15(a), and because the requirements for permissive joinder of parties under Fed. R. Civ. P. 20(a) are not satisfied.   Because the undersigned U.S. Magistrate Judge, James P. O'Hara, concludes Bluestem Management has failed to demonstrate the proposed amendments are untimely, unfairly prejudicial, or futile, and because joinder is clearly proper under Rule 20, the motion for leave to amend is granted.

There is no dispute in this case that Mr. Johnson is the sole LLC member of Bluestem Management and Bluestem Health, and that he does business under the name Bluestem Investments.[4]   Wipeco entered a purchase agreement for medical gloves with Bluestem Management.[5]   However, Bluestem Health has a website that sells medical gloves; Bluestem Management does not.[6]   Wipeco's communications regarding the purchase and procurement of gloves, as well as attempts to obtain a refund of payments, were largely with Mr. Johnson, acting under the titles "Chair," "CEO," and "Founder" of Bluestem Management <u>and</u> Bluestem Health.[7]   Moreover, Mr. Johnson, acting under the

---

[4] *See* ECF No. 14 at 1.

[5] *See* ECF No. 3-1.

[6] *See* ECF No. 12 at 2-3.

[7] ECF No. 19-3.

title "Founder, Chair Bluestem Investments," requested Wipeco's wire payment for an order of gloves.[8] Noting that it "is unclear with which entity or individual Wipeco was conducting business," Wipeco seeks to file an amended complaint that includes Bluestem Health and Mr. Johnson d/b/a/ Bluestem Investing as defendants in its named counts.[9]

Under Rule 15(a)(2), once a responsive pleading has been filed and twenty-one days have passed, "a party may amend its pleading only with the opposing party's written consent or the court's leave." The decision whether to grant leave to amend is within the discretion of the district court.[10] Rule 15 dictates the court "should freely give leave when justice so requires."[11] The Supreme Court has indicated that Rule 15's directive to "freely give leave" is a "mandate . . . to be headed."[12] Nonetheless, a court may deny leave to amend upon "a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment."[13]

---

[8] ECF No. 19-2.

[9] ECF No. 19 at 2-3.

[10] *Tackett v. Univ. of Kansas*, 234 F. Supp. 3d 1100, 1105 (D. Kan. 2017).

[11] Fed. R. Civ. P. 15(a)(2).

[12] *Foman v. Davis*, 371 U.S. 178, 182 (1962).

[13] *Wilkerson v. Shinseki*, 606 F.3d 1256, 1267 (10th Cir. 2010) (quoting *Duncan v. Manager, Dep't of Safety, City & Cnty. of Denver*, 397 F.3d 1300, 1315 (10th Cir. 2005)).

In rather conclusory fashion, Bluestem Management argues leave to amend the complaint should be denied because the request is untimely, would be unfairly prejudicial, and would be futile.[14] The court rejects each argument in turn.

First, Bluestem Management asserts the motion for leave to amend is untimely because it comes four months after Wipeco filed suit and one month after Bluestem Management filed its answer to the first amended complaint. The court notes, however, that within a day of receiving Bluestem Management's answer, Wipeco sought Bluestem Management's consent to the filing of a second amended complaint, noting that it would like to add Bluestem Health and Mr. Johnson d/b/a Bluestem Investments under an alter ego theory.[15] Wipeco informed the court of its intention to seek leave to file an amended complaint around that same time.[16] But because the court sought to ensure it had subject-matter jurisdiction in this action before moving the case forward, the court specifically delayed the filing of Wipeco's motion for leave to amend.[17] Wipeco filed its motion by the deadline subsequently set by the court.[18] No order setting a scheduling conference or

---

[14] Bluestem Management doesn't argue bad faith, dilatory motive, or failure to cure deficiencies previously allowed.

[15] *See* ECF No. 12 at 1-2.

[16] ECF No. 12.

[17] ECF No. 15 ("If the court is satisfied that subject-matter jurisdiction is proper, the court then will set expedited deadlines for plaintiff's expected motion for leave to file a second amended complaint.").

[18] *See* ECF No. 17 ("It is therefore ordered that, by October 26, 2021, plaintiff may file a motion for leave to file a second amended complaint.").

deadline for the parties to confer about a discovery and pretrial schedule has been issued. Under the circumstances of this case, the court does not find Wipeco's motion untimely.

Next, Bluestem Management argues that leave to amend should be denied because "the additional parties and allegations will unduly prejudice Bluestem."[19] The Tenth Circuit has determined that prejudice to the non-moving party is the most important factor in deciding a motion to amend the pleadings.[20] "Courts typically find prejudice only when the amendment unfairly affects the defendants 'in terms of preparing their defense to the amendment.'"[21] This occurs, most often, "when the amended claims arise out of a subject matter different from what was set forth in the complaint and raise significant new factual issues."[22] Bluestem Management, as the party opposing the amendments, has the burden of showing prejudice.[23]

Bluestem Management has failed to satisfy its burden. Its only allegation of prejudice is the wholly conclusory sentence that allowing Wipeco to name "Mr. Johnson, Bluestem's CEO [as a defendant] . . . will significantly prejudice Bluestem."[24] The court cannot, and will not, guess at what such prejudice might be. The factual allegations in the

---

[19] ECF No. 20 at 5.

[20] *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1207 (10th Cir. 2006).

[21] *Id.* at 1208 (quoting *Patton v. Guyer*, 443 F.2d 79, 86 (10th Cir. 1971)).

[22] *Id.*

[23] *Layne Christensen Co. v. Bro-Tech Corp.,* No. 09-2381, 2011 WL 3847076, at *4 (D. Kan. Aug. 29, 2011).

[24] ECF No. 20 at 5.

proposed second amended complaint are substantially similar to those in the first amended complaint. Because the court can foresee no difficulty that will befall Bluestem Management in terms of preparing its defenses if the amendments are allowed, the assertion of prejudice is rejected.

Finally, Bluestem Management argues leave to amend should be denied because, to the extent the proposed second amended complaint asserts a fraud claim against Mr. Johnson in his individual capacity (i.e., outside the scope of his employment with Bluestem Management), it fails to meet Fed. R. Civ. P. 9(b)'s pleading standard and is therefore futile.[25] Rule 9(b) requires that, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake," but "intent, knowledge, and other circumstances of a person's mind may be alleged generally." Interpreting this particularity standard, the Tenth Circuit has stated that an allegation of fraud must "set forth the time, place, and contents of the false representation, the identity of the party making the false statements and the consequences thereof."[26] When a claim does not plead the *where, what, who*, and *when* of the alleged fraud, it is subject to dismissal.[27] And when

---

[25] Bluestem Management does not contend, at least not with any specificity, that the other proposed amendments would be futile.

[26] *Koch v. Koch Industries, Inc*., 203 F.3d 1202, 1236 (10th Cir. 2000) (quotation and citation omitted).

[27] *Plastic Packaging Corp. v. Sun Chem. Corp*., 136 F. Supp. 2d 1201, 1204 (D. Kan. 2001).

a proposed amended claim is subject to dismissal, it is futile.[28] "The party opposing the proposed amendment bears the burden of establishing its futility."[29]

The court has reviewed the proposed second amended complaint and finds that the claim of fraud asserted against "Bluestem Management and/or Bluestem Health Care and/or Bluestem Investments" is based on specific factual allegations of Wipeco's dealings (mostly by dated e-mails) with Mr. Johnson.[30] The who, what, where, and when of the fraud is alleged.  It's true that the proposed amended complaint does not allege Mr. Johnson was acting personally (i.e., not on behalf of the Bluestem entities), but that factor does not counsel against adding him as a defendant doing business as Bluestem Investments. Wipeco asserts, and Bluestem Management does not dispute, that Bluestem Investments is not a legal entity capable of being sued in its own name.  Thus, Wipeco cannot sue Bluestem Investments, but must instead sue Mr. Johnson as d/b/a Bluestem Investments.[31]

---

[28]*Little v. Portfolio Recovery Assocs., LLC*, 548 F. App'x 514, 515 (10th Cir. 2013) (citing *Jefferson Cnty. Sch. Dist. No. R-1 v. Moody's Investor's Servs., Inc*., 175 F.3d 848, 859 (10th Cir. 1999)).

[29] *Mars v. Novartis Pharm. Corp.,* No. 11-2555, 2012 WL 1288729, at *2 (D. Kan. April 16, 2012).

[30] *See, e.g.,* ECF No. 18-1 at ¶¶ 43, 44, 57, 58, 60, 63, 65, 67, 73, 76, 79, 80, 82.

[31] *See e.g. Heath v. Martin*, 359 P.2d 865 (1961) (substituting individual defendant "Rex Martin, doing business as Rosedale Cab Company," in place of "Rosedale Cab Company, a corporation"); *Crane Const. Co. v. Klaus Masonry, LLC*, 114 F. Supp. 2d 1116, 1120 (D. Kan. 2000) ("As the defendant points out, a sole proprietorship has no legal significance apart from its sole proprietor.").

The undersigned does not find the proposed amendment to the fraud claim clearly futile.[32]

Relatedly, Bluestem Management argues it would be "improper and fundamentally unfair" to join Mr. Johnson as a defendant in his individual capacity under Rule 20(a).[33] Rule 20(a)(2) permits a plaintiff to join multiple defendants in one action if "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." There is absolutely no question that the Rule 20(a)(2) requirements are met here; indeed, Bluestem Management does not suggest how they are not.

Bluestem Management asserts instead that the court should deny joinder of Mr. Johnson d/b/a Bluestem Investments to safeguard principles of fundamental fairness. Specifically, Bluestem Management contends the proposed second amended complaint does not adequately assert "facts to support Mr. Johnson's individual liability in the matter."[34] This argument harkens back to Bluestem Management's futility argument, and the court rejects it for the same reasons discussed above: Mr. Johnson did business as Bluestem Investing, which may not be sued separately from Mr. Johnson.

---

[32] This finding is without prejudice to Mr. Johnson d/b/a/ Bluestem Investments reasserting its argument in a motion under Rule 12(b)(6) or Rule 56.

[33] ECF No. 20 at 3.

[34] ECF No. 20 at 4.


Because Wipeco contends, and the record supports, that during the course of the communications that give rise to this action, Mr. Johnson referred to himself as CEO and/or Founder and/or Chair of Bluestem Management and Bluestem Health Care, and/or CEO and/or Founder and/or Chair of Bluestem Investments, such that Wipeco cannot yet determine the allegedly liable legal entity or entities, the court finds it proper to allow Wipeco to name all potentially responsible parties in the alternative, and jointly and severally.  Discovery may lead to a narrowing of defendants, but at this point, there is no "apparent or declared reason" to disregard Rule 15(a)'s mandate "that leave to amend 'shall be freely given.'"[35]

IT IS THEREFORE ORDERED that Wipeco's motion for leave to file a second amended complaint is granted.  By **November 12, 2021**, Wipeco shall file its second amended complaint as a separate docket entry.

Dated November 8, 2021, at Kansas City, Kansas.

 s/ James P. O'Hara
James P. O'Hara
U.S. Magistrate Judge

---

[35] *Foman v. Davis*, 371 U.S. 178, 182 (1962).