IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| LES INDUSTRIES WIPECO, INC., <br><br> Plaintiff, <br><br> v. <br><br> BLUESTEM MANAGEMENT ADVISORS, LLC, et al., <br><br> Defendants. | Case No. 21-2289-JAR-ADM |

## ORDER

This matter comes before the court on the parties' Joint Motion for Extension of Deadlines. (ECF 42.) By way of this motion, the parties request a 100-day extension of the remaining scheduling-order deadlines and hearings, including the mediation deadline, discovery deadline, the deadline to submit a proposed pretrial order, and the pretrial-conference setting. As explained below, the court grants the motion insofar as the court will extend the mediation deadline because there is sufficient latitude in the schedule to extend that deadline without impacting any other deadlines. However, the motion is otherwise denied because the parties have not shown good cause for the requested extension by demonstrating that they could not meet the existing scheduling order deadlines despite diligent efforts.

Federal Rule of Civil Procedure 16(b)(4) provides that a scheduling order "may be modified only for good cause and with the judge's consent." This good-cause standard requires the movant to show that "existing scheduling order deadlines cannot be met despite the movant's diligent efforts." *Tesone v. Empire Mktg. Strategies*, 942 F.3d 979, 988–89 (10th Cir. 2019) (applying the Rule 16(b)(4) good-cause standard to affirm the district court's denial of an extension

1

of time to designate an expert witness); *Gorsuch, Ltd., B.C. v. Wells Fargo Nat. Bank Ass'n*, 771 F.3d 1230, 1241 (10th Cir. 2014) (applying the good-cause standard to a motion to amend filed after the scheduling order deadline); *see also* FED. R. CIV. P. 16(b)(4) advisory committee's note to the 1983 amendment (stating good cause exists when a schedule cannot be reasonably met despite the diligence of the party seeking the extension).  The good-cause standard generally requires the moving party to provide an adequate explanation for the delay.  *Tesone*, 942 F.3d at 988.  The court is "afforded broad discretion in managing the pretrial schedule."  *Rimbert v. Eli Lilly & Co.*, 647 F.3d 1247, 1254 (10th Cir. 2011).

On January 5, 2022, the court entered a scheduling order that set a discovery deadline of July 29.  (ECF 35.)  This gave the parties a lengthy discovery period of six-and-a-half months in what is a relatively simple contract case.  Thus, if the parties had proceeded with diligence throughout the discovery period, they should have had ample time to complete discovery.  But, to date, the docket reflects little activity on the discovery front.  It appears plaintiff served its first set of written discovery on defendants on March 4 (ECF 39), but there is no indication that defendants responded to this discovery.  The docket also shows the parties scheduled mediation for April 27 (ECF 36), but this mediation apparently never happened given that the current motion seeks to extend the mediation deadline.  In short, nothing convinces the court that, to date, the parties have been diligently working to meet scheduling-order deadlines.

The parties now contend there is good cause to extend deadlines because each side has obtained new counsel since the scheduling order was entered.  The court disagrees that the substitution of counsel warrants extending the remaining case deadlines, particularly in light of the lack of diligence to date.  The new attorneys who entered their appearances in the case were charged with knowing the status of discovery and the existing case schedule.  Moreover, the

parties still have about two and a half months to complete discovery. And if they have lingering discovery needs beyond the July 29 discovery deadline, nothing precludes them from conducting discovery by agreement beyond that deadline so long as it does not interfere with other court-imposed deadlines or delay the briefing of or ruling on dispositive motions or other pretrial preparations. Finally, this case does not appear to be particularly complex, such that extended discovery might be warranted. In sum, the explanation set forth in the current motion does not persuade the court that the parties could not have completed discovery under the current schedule if they had been diligent and, even with the current state of discovery, that they still cannot if they proceed with diligence.

The court thus finds the parties have not shown good cause to extend the scheduling-order deadlines. The court therefore denies their request for a 100-day extension of remaining case-management deadlines. Although the court will not extend the other deadlines, the court recognizes the parties' desire to mediate and that mediation may bring the parties closer to settlement. To that end, there is some latitude in the schedule to extend the mediation deadline without impacting other deadlines. Solely for that reason, the court grants the motion insofar as the court extends the mediation deadline to **July 8, 2022**. However, the court cautions the parties that, regardless of the outcome of the mediation, any delay in mediation will not warrant extending any other case-management deadlines.

**IT IS THEREFORE ORDERED** that the parties' Joint Motion for Extension of Deadlines (ECF 42) is granted in part and denied in part.

Dated May 6, 2022, at Kansas City, Kansas.

s/ Angel D. Mitchell  
Angel D. Mitchell  
U.S. Magistrate Judge