IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| LES INDUSTRIES WIPECO, INC., | ) |
| Plaintiff, | ) ) ) |
| v. | )  Case No. 21-2289-JAR-ADM |
| BLUESTEM MANAGEMENT ADVISORS, LLC, et al., | ) ) ) ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter comes before the court on plaintiff Les Industries Wipeco, Inc.'s ("Wipeco") Motion for Leave to File Third Amended Complaint. (ECF 83.) By way of this motion, Wipeco seeks leave to amend its complaint—specifically, its fraud and negligent-misrepresentation claims so that they are based on an additional factual allegation. Wipeco states that it brought this motion in response to the pretrial order, in which the court (1) found that Wipeco had not pled the particular factual allegation at issue in support of those claims and (2) denied Wipeco's request to amend the claims by adding this factual contention in the pretrial order. (ECF 76, at 14 n.2.) As explained below, Wipeco's motion is denied because it pursues the incorrect procedural path to amend Wipeco's claims at this procedural juncture.

**I.     BACKGROUND**

Wipeco is a Canadian corporation that buys and resells personal protective equipment ("PPE"). In the fall of 2020, during the COVID-19 pandemic, Wipeco approached defendants and PPE suppliers Bluestem Management Advisors, LLC, Bluestem Health Care, LLC, and Thomas Johnson (collectively, "Bluestem")[1] about purchasing disposable nitrile medical gloves. The

---

[1] The parties disagree about the proper defendant(s) in the case. Wipeco asserts "there are no material distinctions between them for purposes of Wipeco's claims," whereas Bluestem asserts

parties eventually agreed on purchase terms, and in early 2021, Wipeco placed three orders for nitrile gloves. As deposits for the three orders, Wipeco wired Bluestem more than $681,000, which Bluestem in turn remitted to one or more foreign glove manufactures. Wipeco never received the ordered gloves or a refund of its deposits.

On June 25, 2021, Wipeco filed this lawsuit against Bluestem, bringing claims for breach of contract (Count I), fraud (Count II), negligent misrepresentation as an alternative to fraud (Count III), and unjust enrichment as an alternative to breach of contract (Count IV). (ECF 1.) The court's scheduling order set April 22, 2022, as the deadline for motions to amend pleadings. (ECF 35.) Discovery closed on November 14. (ECF 48.)

On December 8, the parties submitted their proposed pretrial order. Wipeco's proposed legal theory to recover under its fraud or negligent-misrepresentation claim asserted that Bluestem made "numerous" misrepresentations, including a November 2020 pre-contract statement about Bluestem's "ability to procure production of disposable gloves." Bluestem responded to this allegation with a proposed defense that "the fraud claim outlined in this pretrial order bears no resemblance to the fraud alleged in the complaint." On December 14, the court convened a final pretrial conference. During the conference, Bluestem explained its position about the alleged discrepancy. Bluestem argued that Wipeco's attempt to include the alleged pre-contract misrepresentation in the pretrial order sought to add a fraudulent-inducement claim that Wipeco had never pled. The court adjourned the conference and recirculated a working draft of the proposed pretrial order, inviting the parties to resubmit a draft pretrial order with "their respective

---

that "Bluestem Management is the only proper defendant." (ECF 76, at 9, 13.) The distinction is not material for purposes of resolving the current motion.

2

positions in margin comments as to why the court should include, or not include" the pre-contract representation in the final pretrial order. The parties did so.

The court reconvened the pretrial conference on December 21. During the reconvened conference, the court heard the parties' arguments on this issue. Wipeco asserted that its pre-contract, fraudulent-inducement allegation was pled as part of its fraud and negligent-misrepresentation claims because the introductory paragraph to each of those claims contained the boilerplate language that the claim "incorporated" the other paragraphs of the complaint "as if fully set forth herein." (*See* ECF 24, ¶¶ 111, 123.) Wipeco's position was that the factual background section of its complaint stated in Paragraph 26 that, "On November 2, 2020, Mr. Johnson responded to Mr. Kaufman stating that '…we have a fairly large slice of business in the glove business – we have a 16 supplier in our consortium, and hold some rather solid production locked in, - about 10.2 B boxes annually.'" (*See id.* ¶ 26.) Based on this, Wipeco argued that the complaint specifically included Bluestem's pre-contract procurement statement within its fraud and negligent-misrepresentation claims—at least by reference. Wipeco requested that, should the court disagree, it be allowed to amend its fraud claim.

In response, Bluestem argued that Wipeco's fraud and negligent-misrepresentation claims each specifically identified four, post-contract statements that Wipeco alleged were fraudulent or false. (*See id.* ¶¶ 112-119, 125-130.) But those claims did not delineate the November 2020 pre-contract statement as a basis for those claims. Bluestem therefore asserted that it was not put on notice that Wipeco was pursuing a fraudulent-inducement legal theory premised on the statement. Bluestem represented that it would have conducted discovery differently had it known Wipeco was relying on the statement to plead a fraudulent-inducement theory. Bluestem further asserted

that it would be prejudiced if the court were to permit Wipeco to add a late legal claim after the close of discovery.

The court entered the pretrial order on December 21. Therein, the court sustained Bluestem's objection to including the pre-contract statement as part of Wipeco's fraud and negligent-misrepresentation claims, and denied Wipeco's request to allow it to amend its claims. (ECF 76, at 14 n.2.) The court set out its reasoning as follows:

> Wipeco asserts that it pled the fraudulent-inducement claim in its Second Amended Complaint. Specifically, Wipeco points out that Paragraph 26 alleges that Johnson made this representation when Wipeco first contacted Bluestem, and the fraud and negligent misrepresentation claims incorporate all prior paragraphs into Counts II and III. (ECF 24 ¶¶ 26, 111, 123.) But this statement appears only in the background section of Wipeco's complaint. Wipeco's complaint did not allege that this pre-contract statement was false, that Bluestem knew it was false, or that Wipeco relied upon it to its detriment in deciding to purchase gloves. *See Frickey v. Thompson,* 136 F. Supp. 3d 1300, 1316 (D. Kan. 2015) (setting out elements of fraudulent-inducement claim and requiring plaintiff to allege facts supporting each element). So the court is unpersuaded that Wipeco's pleading provided Bluestem with fair notice that this statement formed a part of its fraud claim by pleading fraud—and the circumstances surrounding fraud—with particularity as required by FED. R CIV. P. 9(b). *In re Com. Fin. Servs., Inc.*, 322 B.R. 440, 447 (Bankr. N.D. Okla. 2003). To the contrary, Wipeco included this statement in the background section, but then did not include it in "Count II: Fraud." (ECF 24 ¶¶ 111-122.) Instead, Wipeco's fraud count specifically identified four representations that Bluestem allegedly made after Wipeco deposited purchase funds and, for each, pled that each representation "was false." (*Id.*) Given Wipeco's specific delineation of the allegedly false representations supporting its fraud claim, Bluestem could not reasonably be expected to have gleaned that Wipeco was also relying on other, unspecified misrepresentations to support its fraud claim.
>
> Furthermore, the court denies Wipeco's pretrial-conference request to allow it to amend its fraud claim. The case is too far advanced for such amendment. The deadline for moving to amend pleadings was April 22, 2022. (ECF 35.) Discovery closed on November 14, 2022. (ECF 48.) Wipeco has not demonstrated good cause for a late amendment by showing it could not have met the amendment deadline despite diligent efforts. *See* FED. R. CIV. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."); *Husky Ventures, Inc. v. B55 Invs., Ltd.*, 911 F.3d 1000, 1020 (10th Cir. 2018) ("In practice, the Rule 16(b)(4) standard requires the movant to show the scheduling deadlines cannot be met despite the movant's diligent efforts." (citation and quotation modification omitted)); *Thiongo v. Airtex Manufacturing, LLLP,* No. 19-2783-EFM, 2021 WL

147981, at *2 (D. Kan. Jan. 15, 2021) ("[H]e has not demonstrated the threshold [diligence] requirement of Rule 16's good-cause standard because he seeks to add a . . . claim [in the pretrial order] based on factual allegations in his complaint.").

Nor has Wipeco demonstrated that "justice requires" the court grant it leave to amend the complaint under FED. R. CIV. P. 15(a)(2). Wipeco knew of Bluestem's allegedly false November 2, 2020 statement when it filed its complaint, yet Wipeco unduly delayed in waiting until the pretrial conference to seek to add a legal claim based on that statement. *See White v. The Graceland College Ctr. for Prof. Dev. & Lifelong Learning, Inc.*, No. 07-2319-CM, 2008 WL 2139585, at *4 (D. Kan. May 20, 2008) (denying "untimely motion to add a new fraud count on facts [plaintiff] arguably knew in months prior" because the motion came "too late," e.g., after the close of discovery and the pretrial conference). Moreover, allowing amendment after discovery closed would prejudice Bluestem's ability to prepare its defense. Bluestem represented at the pretrial conference that it would have conducted discovery differently if it knew this legal claim were in the case. Bluestem states that, were the court to permit the late amendment, discovery would need to be reopened, costing Bluestem additional money and delaying the trial. Justice does not require amendment under these circumstances. *See U.S. ex rel. Ritchie v. Lockheed Martin Corp.*, 558 F.3d 1161, 1167 (10th Cir. 2009) (upholding denial of leave to amend complaint under Rule 15(a)(2) because of movant's "substantial delay" in seeking the amendment after the close of discovery and because amendment "would have unduly prejudiced" defendant).

*Id.*

Wipeco filed the current motion for leave to file an amended complaint on January 13, 2023, which was twenty-three days after the pretrial order was entered. By way of this motion, Wipeco again asks the court to allow it to include the November 2020 pre-contract statement as part of its fraud and negligent-misrepresentation claims. (ECF 84, at 1-2.)

## II.   ANALYSIS

The court denies Wipeco's motion for several reasons. As an initial matter, the motion as framed seeks inconsequential relief. Once a court enters a pretrial order, the "pretrial order supersedes all pleadings and controls the subsequent course of this case." (ECF 76, at 1 (citing FED. R. CIV. P. 16(d).) Thus, permitting Wipeco leave to amend its complaint after the entry of the pretrial order is "not necessary" and would have no effect whatsoever on the claims deemed presently in the case. *Wilson v. Muckala,* 303 F.3d 1207, 1215 (10th Cir. 2002) ("When an issue

is set forth in the pretrial order, it is not necessary to amend previously filed pleadings because the pretrial order is the controlling document for trial." (internal quotations and citations omitted)); *Ireland v. Dodson,* 704 F. Supp. 2d 1128, 1141 (D. Kan. 2010) (noting that "the Pretrial Order is the controlling document for trial").

For all intents and purposes, the relief Wipeco actually seeks is an amendment to the pretrial order. A party dissatisfied with a magistrate judge's pretrial order has three options for seeking relief: (1) filing a motion for reconsideration of the order by the magistrate judge, *see* D. KAN. RULE 7.3 and *Warkentine v. Salina Pub. Sch. Unified Sch. Dist. No. 305*, No. 11-4022-JAR-KGG, 2012 WL 4049823, at *1 (D. Kan. Sept. 13, 2012); (2) seeking district judge review of the pretrial order by filing objections to the magistrate judge's order, *see* 28 U.S.C. § 636(b)(1)(A) and FED. R. CIV. P. 72; or (3) filing a motion to modify the pretrial order to prevent manifest injustice, *see* FED. R. CIV. P. 16(e). Even if the court were to construe Wipeco's motion under one of these three avenues, the motion would be denied

First, to the extent the court could construe Wipeco's motion as seeking reconsideration of the undersigned's rulings in the pretrial order, the motion would be untimely. Local Rule 7.3 sets a 14-day deadline for filing motions to reconsider. D. KAN. RULE 7.3. Here, Wipeco filed its motion 23 days after the pretrial order was entered, making it untimely as a motion to reconsider. But even if the motion had been timely, the court would deny it on the merits. A motion for reconsideration must be based on "(1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice." *Id*. "A motion to reconsider is not to be used as a second chance when a party has failed to present its strongest case in the first instance." *Warner v. Floyd*, No. 16-4143-SAC, 2018 WL 2084485, at *2 (D. Kan. Jan. 26, 2018) (internal quotation and citation omitted) (denying motion to reconsider

pretrial order). "The court will not revisit issues already addressed or consider new arguments or supporting facts that could have been presented originally." *Id.*

Construing Wipeco's motion generously, Wipeco could be asking the court to amend the pretrial order to correct clear error or prevent manifest injustice. The arguments presented in Wipeco's motion echo Wipeco's arguments asserted in the draft pretrial order and at the pretrial conference. The court is unconvinced that any of its reasoning or conclusions reached for rejecting Wipeco's requested amendments, set out above for the reader's convenience, are clearly erroneous. And Wipeco has failed to demonstrate that the court's previous ruling causes manifest injustice. Accordingly, Wipeco's motion would be denied insofar as it could be construed as a motion to reconsider. *See Warkentine*, 2012 WL 4049823, at *1.

Second, to the extent that the court could construe Wipeco's motion as one seeking review of the pretrial order by the district judge pursuant to Federal Rule of Civil Procedure 72, it is again untimely. Rule 72 requires a party seeking review of a magistrate judge's order to file objections "within 14 days after being served with a copy" of the order. As mentioned, Wipeco filed its motion 23 days after entry of the pretrial order, which was after the 14-day period expired.

Finally, to the extent that the court could construe the motion as one to modify the pretrial order to include the alleged pre-contract statement as part of Wipeco's fraud and negligent-misrepresentation claims, the court would deny it as it is presently written. Federal Rule of Civil Procedure 16(e) permits a court to modify a final pretrial order "only to prevent manifest injustice." The party moving for amendment bears the heavy burden of demonstrating the modification is necessary to "prevent manifest injustice." *Koch v. Koch Indus., Inc.,* 203 F.3d 1202, 1222 (10th Cir. 2000) (quoting FED. R. CIV. P. 16(e)); *Warner*, 2018 WL 2084485, at *2; *Butler v. Boeing Co.*, No.01-2433-KHV, 2002 WL 31780853, at *1 (D. Kan. Nov. 25, 2002). Because Wipeco did

not bring its motion under Rule 16(e), it has not addressed the pertinent legal standard by articulating how the amendment is necessary to prevent manifest injustice. Thus, it has not "carried [its] burden to demonstrate manifest injustice." *Warner*, 2018 WL 2084485, at *2. To the extent that Wipeco wishes to file a true motion to amend the pretrial order under the correct legal standard, that motion would be considered and decided by the presiding district judge.

In sum, Wipeco's motion, as currently drafted, does not support granting the relief Wipeco actually seeks, i.e., amendment of the pretrial order.

IT IS THEREFORE ORDERED that Wipeco's Motion for Leave to File Third Amended Complaint (ECF 83) is denied.

Dated January 26, 2023, at Kansas City, Kansas.

                                                    s/ Angel D. Mitchell
                                                    Angel D. Mitchell
                                                    U. S. Magistrate Judge