IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| LES INDUSTRIES WIPECO, INC., | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 21-2289-JAR-ADM |
| BLUESTEM MANAGEMENT ADVISORS, LLC, et al., | ) ) ) ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter comes before the court on plaintiff Les Industries Wipeco, Inc.'s ("Wipeco") Motion to Reopen Discovery. (ECF 81.) By way of this motion, Wipeco asks the court to reopen limited discovery into what actions defendants Bluestem Management Advisors, LLC; Bluestem Health Care, LLC; and Thomas Johnson (collectively, "Bluestem")[1] took with respect to money that Wipeco wired them as deposits on three orders of disposable nitrile gloves.  Because Bluestem changed its position on this relevant question right around the time that discovery closed, the court finds that Wipeco has demonstrated good cause for reopening limited discovery on this issue. Wipeco's motion is therefore granted in part and denied in part without prejudice under the terms set forth below.

**I.    BACKGROUND**

Wipeco is a Canadian corporation that buys and resells personal protective equipment ("PPE"), and Bluestem is a PPE supplier. During the COVID-19 pandemic in the fall of 2020, Wipeco approached Bluestem about purchasing disposable nitrile gloves. The parties eventually

---

[1] The parties disagree about the proper defendant(s) in the case. Wipeco asserts "there are no material distinctions between them for purposes of Wipeco's claims," whereas Bluestem asserts that "Bluestem Management is the only proper defendant." (ECF 76, at 9, 13.) The distinction is not material for purposes of resolving the current motion.

1

agreed on purchase terms. In early 2021, Wipeco placed three orders for nitrile gloves. As deposits for the three orders, Wipeco wired Bluestem more than $681,000. Wipeco never received the ordered gloves or a refund of its deposits.

On June 25, 2021, Wipeco filed this lawsuit against Bluestem, asserting claims for breach of contract, fraud, negligent misrepresentation, and unjust enrichment. (ECF 1.) From the outset, Bluestem represented that it remitted Wipeco's deposits to a Thai glove manufacturer named Sufficiency Economy City d/b/a/ SkyMed ("SkyMed"). On July 20, 2021, before filing an answer to the complaint, defense counsel sent plaintiff's counsel a letter to "clarify" the events underlying the case in an attempt to reach settlement. (ECF 82-1, at 1.) The letter stated that after Wipeco gave Bluestem "deposits necessary to secure production" of the gloves, "Wipeco's funds were sent to SkyMed." (*Id.*)

When settlement discussions failed, the parties proceeded with discovery. Wipeco served multiple interrogatories seeking information about the circumstances surrounding where its deposits went. Bluestem's interrogatory answers served on April 22, 2022, again said that Bluestem transferred Wipeco's funds only to SkyMed:

> INTERROGATORY NO. 12: Identify each person, entity, or government agency that received any portion of Plaintiff's funds for the items identified in the Purchase Orders.
>
> ANSWER: Sufficiency Economy City Co. Ltd. d/b/a SkyMed. (ECF 82-2, at 5-6.)

Bluestem even went a step further and asserted that SkyMed's Chief Executive Officer ("CEO") stole the funds:

> INTERROGATORY NO. 6: If you contend Plaintiff's damages were the result of a breach or fault of others, please identify each such third party whom you claim to have caused Plaintiff's damages, and for each please state the name, address, and phone number along with a brief description of the third party's alleged role in causing Plaintiff's damages.

2

> ANSWER: Defendants contend that Plaintiff's alleged damages are the result of the criminal acts of others, specifically Kampee Kampeerayannon, CEO of Sufficiency Economy City Co. Ltd. d/b/a SkyMed. Mr. Kampeerayannon committed fraud by accepting deposits for nitrile gloves with no intent of manufacturing or delivering the goods. The Thailand's Central Investigation Bureau (CIB) has arrested Mr. Kampeerayannon in Thailand and he faces charges of public fraud and distributing false information by computer. (*Id.* at 4.)

On September 9, Bluestem's supplemental interrogatory answers once again repeated these representations. (ECF 82-3, at 5, 7.)

Then, Bluestem walked-back its position just days before discovery was set to close. On November 3, Wipeco deposed Bluestem's sole owner, defendant Thomas Johnson. Wipeco's counsel asked Johnson to review Bluestem's answer to Interrogatory No. 6 and confirm Bluestem's position that SkyMed is "the only third party that Defendants are claiming might have caused Plaintiff's damages." (ECF 82-4, at 2.) Johnson testified that Bluestem's answer was "incomplete" and that "BestSafe Glove and Sunshine Garden" were also responsible. (*Id.*) In light of this testimony, defense counsel said that Bluestem would "supplement our response to Interrogatory 6" to identify all "entities . . . that are at issue." (*Id.* at 3.) Wipeco's counsel went on to ask Johnson to confirm Bluestem's answer to Interrogatory No. 12 that "SkyMed is the only entity that received any portion of Plaintiff's deposit at issue in this lawsuit." (*Id.* at 4.) Johnson again testified that Bluestem's answer was incomplete and that BestSafe and Sunshine Garden were "other entities not identified in Interrogatory 12 that received . . . Plaintiff's deposits at issue in this lawsuit." (*Id.*) Later in the deposition, Wipeco's counsel asked Johnson a series of questions about Bluestem's transfers of Wipeco's deposits, referring to documents Bluestem produced in discovery. Johnson testified that he was "not sure" if money from Wipeco's deposits was sent to SkyMed or to BestSafe, but that he felt "pretty confident" that it went to BestSafe. (*Id.*

3

at 5-6, 10.) Johnson also testified that some of Wipeco's deposit money was wired to Sunshine Garden. (*Id.* at 10.)

On November 9, Wipeco followed up and requested Bluestem's "supplemental documents and discovery responses." (ECF 82, at 3.) Before Bluestem clarified the discovery record, discovery closed on November 14. (ECF 48.) It was not until two days after discovery closed that Bluestem first supplemented its discovery responses on November 16 to identify BestSafe and Sunshine Garden as the entities to whom it transferred Wipeco's deposits.

On December 9, the parties submitted their proposed pretrial order. It named BestSafe and Sunshine Garden—with no mention of SkyMed—as the ultimate recipients of Wipeco's funds. This narrative continued through to the December 21 final pretrial order, which is now the operative pleading in the case. (ECF 76.)

The parties attempted to reach an agreement to allow Wipeco additional discovery into what happened to the deposits it remitted to Bluestem, but they reached an impasse. The court heard argument on this dispute during the pretrial conference on December 14. After consultation with the parties, the court set a briefing schedule for Wipeco to request relief via a motion.[2] (ECF 74.) Wipeco has now filed the present motion to reopen discovery on this topic, asserting that Bluestem's incorrect identification of SkyMed as the only recipient of Wipeco's deposits "misled Wipeco in discovery." (ECF 82, at 4.)

## II.   LEGAL STANDARDS

The court construes Wipeco's motion as a motion to amend the scheduling order to reopen discovery. A scheduling order "may be modified only for good cause and with the judge's

---

[2] Although the motion would not be ripe until after the summary-judgment deadline, the parties asked the court not to move that deadline. (ECF 74, at 1 n.1.)

consent." FED. R. CIV. P. 16(b)(4). "Whether to extend or reopen discovery is committed to the sound discretion of the trial court and its decision will not be overturned on appeal absent abuse of that discretion." *Smith v. United States*, 834 F.2d 166, 169 (10th Cir. 1987). In exercising its discretion upon a motion to reopen discovery, the court considers six factors: (1) whether trial is imminent, (2) whether the request is opposed, (3) the prejudice to the non-moving party, (4) whether the moving party diligently attempted to obtain discovery before the deadline passed, (5) the foreseeability of the need for additional discovery, and (6) the likelihood that the discovery will lead to relevant evidence. *Id.* The moving party's diligence—the fourth factor and the crux of a good-cause determination—remains the most important factor. *See Kone v. Tate,* No. 20-1080-TC-ADM, 2021 WL 1210009, at *3 (D. Kan. Mar. 31, 2021) (citing *Tesone* v. *Empire Mktg. Strategies*, 942 F.3d 979, 988 (10th Cir. 2019)).

### III.   ANALYSIS

Applying these factors, the court finds good cause to reopen limited discovery. Turning first to the most significant factor, Wipeco acted diligently in attempting to discover information from Bluestem about where Wipeco's deposits went. Wipeco timely served early interrogatories on this issue, which Bluestem answered incorrectly. Then, at Johnson's deposition, Wipeco asked Johnson a series of questions about Bluestem's transfer of the deposits, which Johnson was unable to answer with certainty. Six days later and still within the discovery period, Wipeco followed up on Bluestem's counsel's promise to correct Bluestem's interrogatory answers to clarify Johnson's testimony. These actions demonstrate diligence.

The balance of the other factors also weigh in favor of reopening discovery on the limited basis Wipeco seeks. First, Wipeco could not have foreseen the need for additional discovery on the transfer of its deposits until Bluestem changed its position via Johnson's deposition testimony,

which was just days before the discovery deadline. *See Greer v. City of Wichita, Kansas*, No. 16-1185-EFM, 2017 WL 3097876, at *2 (D. Kan. July 21, 2017) (reopening discovery where plaintiff revealed new information in deposition one week before discovery deadline). Second, the questions of when, where, and to whom Bluestem sent Wipeco's deposits are central to the claims and defenses in this action, making discovery into them very likely to lead to relevant evidence. Third, this additional discovery should not interfere with trial because it is not set to begin until approximately six and a half months from now on September 5. *See Benjamin v. Bd. of Trustees of Barton Cnty. Cmty. Coll.,* No. 17-2557-JAR, 2020 WL 4785107, at *2 (D. Kan. Aug. 18, 2020) (reopening limited discovery where trial was four months away).

These factors outweigh the fact that Bluestem opposes reopening discovery and could possibly be prejudiced. Bluestem asserts that further discovery will place "burdens on the parties' checkbooks and time clocks." Although this discovery may be a burden, Wipeco is entitled to a full and fair opportunity to conduct discovery on this narrow issue in view of Bluestem's belated change in position on this issue, and any such burden should be manageable under the discovery parameters set out below. *See Cole v. Precision Aviation Controls*, No. 19-1295-KHV-KGG, 2020 WL 7353862, at *3 (D. Kan. Dec. 15, 2020) (granting motion to reopen discovery and ruling that, although the nonmoving party "may be in a more strategically advantageous position without [additional discovery], this does not equate to undue prejudice"). Bluestem does not identify any specific prejudice it will face should the court reopen limited discovery, although, in fairness to Bluestem, its inability to articulate any specific prejudice is understandable because Wipeco has not disclosed the specific discovery requests it intends to serve. But the court does expect Wipeco to narrowly tailor its discovery requests to this late-disclosed issue. If Bluestem believes that any such discovery requests are too broad, and the parties are not able to reach agreement on narrowing

6

the discovery appropriately, the court will entertain a motion for protective order under the terms discussed below.

Therefore, the court finds good cause to modify the scheduling order to reopen discovery to allow Wipeco to serve limited discovery solely on the topic of what happened to its deposits. The court grants Wipeco's request to serve an additional five interrogatories and five document requests, limited to questions that arose from Johnson's deposition testimony on this topic. Ideally, Wipeco's motion would have identified the specific discovery Wipeco wants. But because it does not, the court simply cautions Wipeco that its new discovery must be narrowly tailored to the specific information about its deposits that will help with resolving the issues in this case.[3]

Wipeco must serve any such additional discovery requests by **March 10, 2023**. If Bluestem feels compelled to file a motion for a protective order, it must do so at least **seven days before** its deadline to respond to the discovery, and the motion is limited to seven pages. Given the relatively developed record on this issue and the advanced stage of the case, the court relieves Bluestem from the requirement to first seek a pre-motion discovery conference pursuant to D. Kan. Rule 37.1(a). Any response to the motion must be filed within **five business days** and is limited to seven pages. Any reply is due within **three business days** and is limited to three pages.

To the extent that Wipeco requests "an option to reconvene the deposition of Johnson and [Corrie] Phillips," that aspect of its motion is denied without prejudice because it is premature. If Bluestem ultimately produces additional information (whether by agreement or by court order denying a motion for protective order) that Wipeco believes warrants follow-up deposition time, the parties are directed to meet and confer on this matter. If they cannot reach agreement, Wipeco

---

[3] Wipeco expresses an intent "to work with Defendants' counsel to craft as mutually agreeable requests as possible." (ECF 82.) The court commends this approach.

may renew its motion to reopen discovery to permit additional deposition time with these two witnesses. Any such motion is limited to seven pages. Any response to the motion must be filed within **five business days** and is limited to seven pages. Any reply is due within **three business days** and is limited to three pages.

IT IS THEREFORE ORDERED that Wipeco's Motion to Reopen Discovery (ECF 81) is granted in part and denied without prejudice in part, as set forth above.

Dated February 17, 2023, at Kansas City, Kansas.

                                     s/ Angel D. Mitchell
                                     Angel D. Mitchell
                                     U. S. Magistrate Judge