IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **LES INDUSTRIES WIPECO, INC.,** | |
| Plaintiff, | |
| v. | Case No. 21-2289-JAR-ADM |
| **BLUESTEM MANAGEMENT ADVISORS, LLC, et al.,** | |
| Defendants. | |

## MEMORANDUM AND ORDER

This case involves a failed commercial transaction involving the sale of disposable nitrile gloves. Plaintiff Les Industries, Wipeco, Inc. ("Wipeco") alleges that it made three 50% deposits for three glove orders, but Defendants Bluestem Management Advisors, LLC, Bluestem Healthcare, LLC, and Thomas Johnson (collectively "Bluestem") failed to perform and Wipeco never received the gloves or its deposits back. Now before the Court is Wipeco's Motion to Amend the Pretrial Order, or, in the Alternative, for Leave to File a Third Amended Complaint (Doc. 102). The matter is fully briefed, and the Court is prepared to rule. For the reasons explained below, the Court denies Wipeco's motion.

### I.  Background

Counts II and III of Wipeco's Second Amended Complaint ("SAC") assert fraud and negligent misrepresentation claims against Bluestem citing four specific representations that it alleges amounted to fraud after the parties entered into the contract.[1] Wipeco sought to allege an additional fraudulent statement in the parties' proposed joint pretrial order. This additional

---

[1] Doc. 24 at 17–18. Plaintiff also alleges claims for breach of contract (Count I) and quantum meruit/unjust enrichment (Count IV).

statement was allegedly made prior to the contracts regarding Bluestem's production capabilities, based on a statement Johnson made in an email to Wipeco on November 20, 2020: "On November 2, 2020, Mr. Johnson responded to Mr. Kaufman stating that ' . . . we have a fairly large slice of business in the glove business—we have a 16 supplier in our consortium, and hold some rather solid production locked in, - about 10.2 B boxes annually . . ."[2] At the December 14, 2022 pretrial conference, Bluestem objected to the inclusion of this claim in the pretrial order, arguing that it was a fraudulent inducement claim that was not pled in the SAC. Wipeco argued that the claim was the derived from the specific representation quoted in paragraph 26 of the SAC, which was part of the ten-page "Fact Common to All Counts" portion of the SAC. Magistrate Judge Angel D. Mitchell ordered the parties to submit their respective positions as to why paragraph 26 should or should not be deemed part of Counts II and III. The parties submitted a revised joint pretrial order that set forth their respective positions on this issue on December 19, 2022. Wipeco stated in the revised pretrial order that it "expect[ed] to file a motion to amend the pleadings" after the pretrial conference.[3]

On December 21, 2022, Judge Mitchell reconvened the pretrial conference and heard the parties' arguments on this issue. The final Pretrial Order was entered December 21, 2022. In a detailed footnote, the court sustained Bluestem's objection to including the November 2, 2020 statement by Johnson as part of Wipeco's fraud and negligent-misrepresentation claims and denied Wipeco's request for leave to amend its claims.[4] The court reasoned:

> Wipeco asserts that it pled the fraudulent-inducement claim in its Second Amended Complaint. Specifically, Wipeco points out that Paragraph 26 alleges that Johnson made this representation when Wipeco first contacted Bluestem, and the fraud and negligent

---

[2] Doc. 24 ¶ 26.

[3] Doc. 76 ¶ 8(b).

[4] *Id.* at 14 n.2.

2

misrepresentation claims incorporate all prior paragraphs into Counts II and III. (ECF 24 ¶¶ 26, 111, 123.) But this statement appears only in the background section of Wipeco's complaint. Wipeco's complaint did not allege that this pre-contract statement was false, that Bluestem knew it was false, or that Wipeco relied upon it to its detriment in deciding to purchase gloves. *See Frickey v. Thompson,* 136 F. Supp. 3d 1300, 1316 (D. Kan. 2015) (setting out elements of fraudulent-inducement claim and requiring plaintiff to allege facts supporting each element). So the court is unpersuaded that Wipeco's pleading provided Bluestem with fair notice that this statement formed a part of its fraud claim by pleading fraud—and the circumstances surrounding fraud—with particularity as required by FED. R CIV. P. 9(b). *In re Com. Fin. Servs., Inc.*, 322 B.R. 440, 447 (Bankr. N.D. Okla. 2003). To the contrary, Wipeco included this statement in the background section, but then did not include it in "Count II: Fraud." (ECF 24 ¶¶ 111-122.) Instead, Wipeco's fraud count specifically identified four representations that Bluestem allegedly made after Wipeco deposited purchase funds and, for each, pled that each representation "was false." (*Id.*) Given Wipeco's specific delineation of the allegedly false representations supporting its fraud claim, Bluestem could not reasonably be expected to have gleaned that Wipeco was also relying on other, unspecified misrepresentations to support its fraud claim.

Furthermore, the court denies Wipeco's pretrial-conference request to allow it to amend its fraud claim. The case is too far advanced for such amendment. The deadline for moving to amend pleadings was April 22, 2022. (ECF 35.) Discovery closed on November 14, 2022. (ECF 48.) Wipeco has not demonstrated good cause for a late amendment by showing it could not have met the amendment deadline despite diligent efforts. *See* FED. R. CIV. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."); *Husky Ventures, Inc. v. B55 Invs., Ltd.*, 911 F.3d 1000, 1020 (10th Cir. 2018) ("In practice, the Rule 16(b)(4) standard requires the movant to show the scheduling deadlines cannot be met despite the movant's diligent efforts." (citation and quotation modification omitted)); *Thiongo v. Airtex Manufacturing, LLLP,* No. 19-2783-EFM, 2021 WL 5147981, at *2 (D. Kan. Jan. 15, 2021) ("[H]e has not demonstrated the threshold [diligence] requirement of Rule 16's good-cause standard because he seeks to add a . . . claim [in the pretrial order] based on factual allegations in his complaint.").

Nor has Wipeco demonstrated that "justice requires" the court grant it leave to amend the complaint under FED. R. CIV. P.

3

> 15(a)(2). Wipeco knew of Bluestem's allegedly false November 2, 2020 statement when it filed its complaint, yet Wipeco unduly delayed in waiting until the pretrial conference to seek to add a legal claim based on that statement. *See White v. The Graceland College Ctr. for Prof. Dev. & Lifelong Learning, Inc.*, No. 07-2319-CM, 2008 WL 2139585, at *4 (D. Kan. May 20, 2008) (denying "untimely motion to add a new fraud count on facts [plaintiff] arguably knew in months prior" because the motion came "too late," e.g., after the close of discovery and the pretrial conference). Moreover, allowing amendment after discovery closed would prejudice Bluestem's ability to prepare its defense. Bluestem represented at the pretrial conference that it would have conducted discovery differently if it knew this legal claim were in the case. Bluestem states that, were the court to permit the late amendment, discovery would need to be reopened, costing Bluestem additional money and delaying the trial. Justice does not require amendment under these circumstances. *See U.S. ex rel. Ritchie v. Lockheed Martin Corp.*, 558 F.3d 1161, 1167 (10th Cir. 2009) (upholding denial of leave to amend complaint under Rule 15(a)(2) because of movant's "substantial delay" in seeking the amendment after the close of discovery and because amendment "would have unduly prejudiced" defendant).[5]

Wipeco subsequently filed a motion for leave to file a third amended complaint under Rule 15(a) on January 13, 2023, twenty-three days after the final Pretrial Order was entered.[6] Wipeco again requested the court to allow it to include the November 2, 2020 statement by Johnson as part of Counts II and III. In the meantime, the parties filed motions for summary judgment on January 3, 2023, wherein Bluestem seeks, *inter alia*, summary judgment on Wipeco's fraud and negligent misrepresentation claims, as alleged in the final Pretrial Order.[7] This matter is set for trial on September 5, 2023.

---

[5] *Id.*

[6] Doc. 84.

[7] Doc. 80 at 22–31.

On January 26, 2023, Judge Mitchell denied Wipeco's motion for leave to file a third amended complaint for several reasons.[8] As an initial matter, the court held that the motion sought inconsequential relief, as the final Pretrial Order had been entered and thus granting leave to amend would have no effect on the claims deemed presently in the case.[9] The court then held that Wipeco was actually seeking leave to amend the Pretrial Order, discussed the three avenues for seeking relief open to a party dissatisfied with a magistrate judge's pretrial order, and concluded that even construing Wipeco's motion under one of these avenues, it would be denied.[10]

First, the court held that to the extent Wipeco's motion sought reconsideration of its rulings in the Pretrial Order, the motion would be untimely under D. Kan. Rule 7.3.[11] Even if the motion had been timely, however, the court explained that it would deny it on the merits because Wipeco's arguments echo those made in the draft pretrial order and at the pretrial conference.[12]

Second, to the extent Wipeco's motion sought review of the final Pretrial Order by the district judge under Fed. R. Civ. P. 72, the court again held it would be untimely.[13] Wipeco filed its motion 23 days after entry of the Pretrial Order, after the 14-day period as required by Rule 72.

---

[8] Doc. 94.

[9] *Id.* at 5–6 (citations omitted).

[10] *Id.* at 6.

[11] *Id.* (explaining D. Kan. R. 7.3 sets forth a 14-day deadline for filing motions to reconsider).

[12] *Id.* at 6–7; *see* D. Kan. R. 7.3 (stating that a motion for reconsideration must be based on "(1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice."); *Warner v. Floyd*, No. 16-4143-SAC, 2018 WL 2084485, at *2 (D. Kan. Jan. 26, 2018) ("A motion to reconsider is not to be used as a second chance when a party has failed to present its strongest case in the first instance.") (internal quotation and citation omitted)).

[13] Doc. 94 at 7; *see* Fed. R. Civ. P. 72(a) (allowing a party to provide specific, written objections to a magistrate judge's order, and requiring a showing that the order is "clearly erroneous or is contrary to law.").

Finally, to the extent Wipeco's motion sought to modify the Pretrial Order to include the November 2, 2020 statement by Johnson as part of Counts II and III, the court denied it as submitted, as Wipeco did not bring the motion under Rule 16(e) or address the pertinent legal standard by articulating how the modification was necessary to prevent manifest injustice.[14]  The court concluded by stating, "[t]o the extent that Wipeco wishes to file a true motion to amend the pretrial order under the correct legal standard, that motion would be considered and decided by the presiding district judge."[15]

Wipeco's motion to modify the final Pretrial Order followed.[16]

## II. Discussion

Wipeco seeks modification of the Pretrial Order under Rule 16(e) or alternatively, leave to file a third amended complaint under Rule 15(a).  The Court addresses these issues in reverse order.

The Pretrial Order entered in this matter on December 21, 2022, supersedes all pleadings and controls the subsequent course of the case.[17]  "When an issue is set forth in the pretrial order, it is not necessary to amend previously filed pleadings because the pretrial order is the controlling document for trial."[18]  Wipeco argues that Judge Mitchell's January 26, 2023 Order applied the incorrect standard and that Rule 15 should apply.  The Court notes that Wipeco's motion seeks neither reconsideration of Judge Mitchell's January 26, 2023 Order denying it

---

[14] Doc. 94 at 7–8; *see* Fed. R. Civ. P. 16(e) (permitting a court to modify a final pretrial order "only to prevent manifest injustice").

[15] Doc. 94 at 8.

[16] On February 17, 2023, Judge Mitchell granted in part Wipeco's motion to reopen discovery to allow it to serve limited discovery solely on the topic of what happened to its deposits.  *See* Doc. 106.

[17] *See* Fed. R. Civ. P. 16(e).

[18] *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (alteration omitted) (quoting *Wilson v. Muckala*, 303 F.3d 1207, 1215 (10th Cir. 2002)).

leave to file a third amended complaint, nor review of that Order by the undersigned pursuant to Rule 72.  The Tenth Circuit has explained, however, that an attempt to add a new claim to the pretrial order is "the equivalent of asking leave to amend [the] complaint, and must be evaluated by the court under the standards set forth in Rule 15(a)."[19]  Here, Wipeco seeks to modify the Pretrial Order to include additional pre-contract facts to its fraud claims.  Although Wipeco characterizes its proposed amendment as a "hyper-technical issue," and "more form than substance," it effectively seeks to add a new fraudulent inducement and negligent misrepresentation claim to the Pretrial Order.  Accordingly, the Court begins its analysis by evaluating Wipeco's motion under the Rule 15(a) standards.

Under Rule 15(a), leave to amend a complaint is freely given when justice so requires.[20]  A court may deny leave to amend upon a showing of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of [the] amendment."[21]  Undue delay alone is sufficient to deny a motion to amend; there need not be a showing of prejudice.[22]  Moreover, motions for leave to amend are correctly denied

> when it appears that the plaintiff is using Rule 15 to make the complaint "a moving target" to "salvage a lost case by untimely suggestion of new theories of recovery," present "theories seriatim" in an effort to avoid dismissal, or to "knowingly delay[ ] raising [an] issue until the eve of trial."[23]

---

[19] *Smith v. Aztec Well Servicing Co.*, 462 F.3d 1274, 1285 (10th Cir. 2006) (quoting *Minter*, 451 F.3d at 1204).

[20] Fed. R. Civ. P. 15(a).

[21] *U.S. ex rel. Ritchie v. Lockheed Martin Corp.*, 558 F.3d 1161, 1166 (10th Cir. 2009) (alterations in original) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

[22] *See, e.g., Cuenca v. Univ. of Kan.*, 205 F. Supp. 2d 1226, 1229–30 (D. Kan. 2002).

[23] *Minter*, 451 F.3d at 1206 (citations omitted).

While liberality of amendment is important, it is equally important that "there must be an end finally to a particular litigation."[24]

The Court finds that Wipeco's motion must be denied based on undue delay. Although Wipeco does not seek reconsideration or review of the two previous orders denying leave to file a third amended complaint, the Court finds Judge Mitchell's analysis and reasoning persuasive. As the court noted, Wipeco knew of Bluestem's allegedly false November 2020 statement when it filed its SAC, yet unduly delayed in waiting until the pretrial conference to seek to add a legal claim based on that statement. Indeed, Wipeco waited until after the final Pretrial Order was entered to seek formal leave to amend, and offers no explanation why it did not seek leave to amend at any time in the year that followed the filing of the SAC.

Moreover, Wipeco's attempt to shift blame to Bluestem is not well taken, and the Court agrees with Judge Mitchell that a defendant should not be required to read between the lines regarding the claims a plaintiff may be telegraphing, especially in light of the heightened standard for pleading fraud under Fed. R. Civ. P. 9. Counts II and III specifically identify four representations that Bluestem made after Wipeco deposited purchase funds and allege that each representation was false, that Wipeco was unaware of the falsity of the statements, and that Wipeco reasonably relied upon them, suffering significant damages.[25]

The Court declines to grant leave to amend to add the pre-contract factual allegation or claim changing the theory of Wipeco's fraud and negligent misrepresentation claims at this late stage of the proceedings. Discovery has closed, summary judgment motions have been filed, and trial is scheduled. The Court believes that Wipeco's third attempt to amend is not required by

---

[24] *Pallottino v. City of Rio Rancho*, 31 F.3d 1023, 1027 (10th Cir. 1994) (quoting *Freeman v. Cont'l Gin Co.*, 381 F.2d 459, 469–70 (5th Cir. 1967)).

[25] Doc. 24 ¶¶ 111–122.

8

justice, but instead would be unfair, unduly delay the proceedings, and cause Bluestem undue prejudice from having to reopen discovery on a fraudulent inducement claim that was never specifically pled. The motion to amend is therefore denied under Rule 15(a)(2).

With respect to Wipeco's second argument, the Court also finds that modification of the Pretrial Order is not warranted under Rule 16(e), which places the burden on the movant to show such modification is needed in order to prevent manifest injustice.[26] The decision to modify the pretrial order lies within the trial court's discretion.[27] In exercising that discretion, the court should consider the following factors: "(1) prejudice or surprise to the party opposing trial of the issue; (2) the ability of the party to cure any prejudice; (3) disruption to the orderly and efficient trial of the case by inclusion of the new issue; and (4) bad faith by the party seeking to modify the order."[28] In applying these factors, the paramount concern must be to assure "the full and fair litigation of claims."[29]

For the same reasons set forth above, the Court finds that the proposed modification would cause prejudice to Bluestem as summary judgment motions are fully briefed and the Court is not inclined to continue the September 2023 trial date. As the Court noted, paragraph 26 appears in the background section of the SAC. Unlike the other statements upon which Wipeco's fraud and negligent misrepresentation claims are based, Wipeco does not allege that this pre-contract statement was false, that Bluestem knew it was false, or that Wipeco relied upon the statement to its detriment in deciding to purchase the gloves. Thus, the nature of the proposed amendment weighs against modification of the Pretrial Order, as paragraph 26 does not

---

[26] *Davey v. Lockheed Martin Corp.*, 301 F.3d 1204, 1208 (10th Cir. 2002) (quoting Fed. R. Civ. P. 16(e)).

[27] *Id.*; *Koch v. Koch Indus., Inc.*, 203 F.3d 1202, 1222 (10th Cir. 2000) (citation omitted).

[28] *Koch*, 203 F.3d at 1222 (citation omitted).

[29] *Joseph Mfg. Co. v. Olympic Fire Corp.*, 986 F.2d 416, 420 (10th Cir. 1993).

provide Bluestem fair notice that this statement formed a part of its otherwise particularly-pled fraud claim as required by Rule 9(b), or its negligent misrepresentation claim that incorporates and restates those four statements.  The Court finds that the first and third factors weigh heavily against modifying the Pretrial Order and thus denies the motion under Rule 16(e).

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion to Amend the Pretrial Order or, in the Alternative, for Leave to File a Third Amended Complaint (Doc. 102) is **denied**.

**IT IS SO ORDERED.**

Dated: March 22, 2023

                                                  S/ Julie A. Robinson
                                                  JULIE A. ROBINSON
                                                  UNITED STATES DISTRICT JUDGE